IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00517-RTG

ERIC LANGLEY,

    Plaintiff,

v.

GOV. JARED POLIS,
MOSES STANCIL,
F.M.C.C. WARDEN PERSONS,
F.M.C.C. MAJOR GARCIA,
F.M.C.C. MAJOR CORDOVA,
F.M.C.C. CAPT. RUSSLE,
F.M.C.C. SERGEANT STOLTZ,
F.M.C.C. R.N. ANDRE WILSON,
F.M.C.C. R.N. KAYLA LNU,
F.M.C.C. P.A. TARAH THEVENOT,
H.S.A. MARLER, and
LT. CROUCH, F.M.C.C.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

This matter is before the Court on the amended Prisoner Complaint (ECF No. 11) and motion for appointment of counsel (ECF No. 12) filed *pro se* by Plaintiff, Eric Langley, on March 27, 2025. The Court must construe the papers liberally because Mr. Langley is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

**I. Background**

Mr. Langley is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). He initiated this action by filing a Prisoner Complaint (ECF No. 1) asserting one claim pursuant to 42 U.S.C. § 1983 that relates to medical treatment at the Four Mile Correctional Center ("FMCC"). Mr. Langley alleged generally that he has been denied adequate medical treatment for the last six months and he provided a chronological list of events since August 2, 2024, when he first was prescribed prednisone for a respiratory ailment.

On February 24, 2025, the Court ordered Mr. Langley to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In that order, the Court noted Mr. Langley did not allege specific facts that demonstrate each Defendant was deliberately indifferent to his serious medical needs, in part because several Defendants (Colorado Governor Jared Polis, DOC Executive Director Stancil, FMCC Warden Persons, and H.S.A. Marler) were not even mentioned in the chronological list of events, and in part because the factual allegations in the chronological list of events are vague and conclusory. As noted above, on March 27, 2025, Mr. Langley filed an amended Prisoner Complaint (ECF No. 11) and a motion for appointment of counsel (ECF No. 12).

## II. The Amended Prisoner Complaint

Mr. Langley asserts one claim pursuant to 42 U.S.C. § 1983 contending Defendants have been deliberately indifferent to his serious medical needs. He includes in the amended Prisoner Complaint the same chronological list of events he provided in

2

the original complaint. In summary, Mr. Langley alleges the following in the

chronological summary:

>August 26, 2026: Tarah Thevenot told Mr. Langley she was stumped and had no idea what to do;
>
>September 23, 2024: Captain Russell told Mr. Langley "I was told to stand down and leave it alone" after Mr. Langley declared four medical emergencies between August 26 and September 23;
>
>October 15, 2024: Major Cordova, Major Garcia, Tarah Thevenot, Kayla "LNU," and Andre Wilson told Mr. Langley's family members that he is "just crying wolf";
>
>October 26, 2024: medical staff at the Territorial Medical Center diagnosed Mr. Langley's condition as an allergic reaction to prednisone, and he was again given prednisone when he was returned to the FMCC;
>
>November 11, 2024: medical staff at the FMCC noted in the computer that the allergic reaction was symptomatic of steroid overdose;
>
>November 25, 2024: lab results indicated three infections for which antifungal and antibiotic medications were prescribed;
>
>November 28, 2024: "symptomatic reaction to antibiotic poisoning" was noted and relayed to Major Garcia, Tarah Thevenot, Mr. Langley's family, and DOC headquarters in Colorado Springs;
>
>December 12, 2024: Tarah Thevenot instructed DOC security staff to threaten Mr. Langley with a write-up if he asked questions at the FMCC medication dispensary;
>
>December 17, 2024: medical staff refused to address respiratory distress and DOC security staff threatened physical violence because Mr. Langley declared a medical emergency;
>
>January 3, 2025: Mr. Langley declared a ninth medical emergency after coughing up blood and medical staff stated there was "not enough blood to worry about";
>
>January 6, 2025: Captain Russell and Lt. Crouch interrupted a case

manager who was attempting to help Mr. Langley, directed Mr. Langley to leave "Admin" immediately, and stated "You're only getting medical attention if you pass out or die, so leave";

January 7, 2025: case manager Seymour informed Mr. Langley that FMCC medical staff will no longer treat him;

January 13, 2025: Captain Russell stated on the yard that "I am ordered by my superiors to not get involved";

January 17, 2025: Tarah Thevenot was informed to stop all antibiotics immediately as it was probably going to kill the inmate;

February 7, 2025: Mr. Langley was taken on a day trip for non-dyed catscan as appeasement treatment.

In addition to the allegations in the chronological list of events, the amended complaint includes sections captioned "Facts" and "Legal Claim." Those sections, in their entirety, are the following:

III. Facts

17. The State of Colorado, the Colorado Department of Corrections, C.D.O.C. officers, and contracted healthcare workers have allowed the Plaintiff to languish in deep suffering, while being pers[e]cuted and harassed. This is not an isolated incident, but rather an ongoing event. It is not a harmless misapplication of law, admin. regulation, or policy; it is by all definitions cruel and unusual punishment and deliberate indifference to medical needs. Listed is a c[h]ronological d[e]scription of events. See Attachment.

IV. Legal Claim

18. The deliberate indifference to medical needs violated Plaintiff Eric Langley's rights and constitu[t]ed cruel and unusual punishment under the 8th Amendment to the United States Constitution.

19. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably and irrevocably harmed by the conduct . . . of the

defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

(ECF No. 11 at pp.8 & 13.)

As relief Mr. Langley seeks a declaration that his constitutional rights have been violated, injunctive relief directing Warden Persons to have Mr. Langley transported to an area hospital for treatment, injunctive relief directing all Defendants to cease and desist any retaliation or further harassment, and damages.

## III. Analysis

• **Rule 8**

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Pursuant to Rule 8, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and

5

brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

Like the original Prisoner Complaint, the amended Prisoner Complaint (ECF No. 11) does not comply with the pleading requirements of Rule 8 because Mr. Langley still fails to provide a short and plain statement of his Eighth Amendment claim that demonstrates he is entitled to relief. As noted in the Court's previous order to file an amended pleading, the chronological list of events does not even mention several of the Defendants, and the factual allegations that are linked to named Defendants are vague and conclusory and do not demonstrate those Defendants were deliberately indifferent to Mr. Langley's serious medical needs. In addition, many of the allegations in the chronological list merely refer to "medical staff" or "security staff" and do not specify what any particular Defendant did or failed to do that allegedly violated Mr. Langley's constitutional rights.

Mr. Langley will be given one more opportunity to file a pleading that complies with Rule 8. The Court reiterates that vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, "[t]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005). In order to state a cognizable claim in federal court Mr. Langley must identify, clearly and concisely, the specific claims he is asserting, the specific right allegedly violated in each claim, against which Defendant or Defendants each claim is asserted, the specific factual allegations that support each claim, and what each Defendant did or failed to do that allegedly violated her rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

The Court also reiterates other requirements that appear to be applicable to the claims Mr. Langley is asserting.

• **Official Capacity Claims**

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Here, Mr. Langley is suing Governor Polis and a number of DOC employees in their official capacities. Therefore, the official capacity claims must be construed as being asserted against the State of Colorado and the DOC.

• **Eleventh Amendment**

The Eleventh Amendment bars claims for monetary relief against the State of Colorado, state agencies like the DOC, and state officers sued in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v.*

7

*Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). The State of Colorado has not waived its Eleventh Amendment immunity, see *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, see *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

The Eleventh Amendment does not bar a federal court action seeking prospective declaratory or injunctive relief from a state official acting in his or her official capacity. See *Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). But Mr. Langley still must allege specific facts that demonstrate his federal rights have been violated.

• **Personal Participation**

Mr. Langley also sues each Defendant in his or her individual capacity. He is reminded that allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); see also *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability . . . must be based on personal involvement in the alleged constitutional violation."). In other words, Mr. Langley must allege specific facts that demonstrate what each defendant did or failed to do that allegedly violated his federal rights. There is no vicarious liability under § 1983. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. See *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767-69 (10th Cir. 2013)

(discussing standards for supervisory liability).

• **Eighth Amendment**

Mr. Langley indicates he is asserting an Eighth Amendment claim. The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). The Eighth Amendment is violated if officials act with deliberate indifference to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).

Under the objective prong "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Farmer,* 511 U.S. at 834 (explaining that a plaintiff must demonstrate that the infringement was sufficiently serious). Thus, the Eighth Amendment is not violated unless the conditions deprive an inmate of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted).

Under the subjective prong, "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by

failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Stated another way,

> the subjective component is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference. A prison medical official who serves solely as a gatekeeper for other medical personnel capable of treating the condition may be held liable under the deliberate indifference standard if [the official] delays or refuses to fulfill that gatekeeper role.

*Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005) (cleaned up). The Eighth Amendment is not violated by negligence or even gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).

Here, Mr. Langley fails to allege specific facts that demonstrate each Defendant knew he faced a substantial rise of serious harm and failed to take reasonable measures to abate the risk. Although it is clear he is not satisfied with the treatment he has received, his disagreement with that treatment does not satisfy the subjective prong of a deliberate indifference claim. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (noting that prisoners do not have a constitutional right to a particular course of treatment).

• **Motion for Appointment of Counsel**

Finally, as noted above, Mr. Langley has filed a motion for appointment of counsel (ECF No. 12). That motion will be denied without prejudice as premature because the case remains under initial review.

## IV. Conclusion

For these reasons Mr. Langley must file a second amended complaint if he wishes to pursue his claims in this action. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Mr. Langley will be directed to file his second amended complaint on the court-approved Prisoner Complaint form.

Accordingly, it is

ORDERED that Plaintiff shall file, **within 30 days from the date of this Order**, a second amended complaint on the court-approved Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint within the time allowed, the action may be dismissed without further notice. It is

FURTHER ORDERED that the motion for appointment of counsel (ECF No. 12) is denied without prejudice as premature.

DATED April 2, 2025.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge