**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00517-LTB-RTG

ERIC LANGLEY,

      Plaintiff,

v.

GOV. JARED POLIS,
MOSES STANCIL,
F.M.C.C. WARDEN PERSONS,
F.M.C.C. MAJOR GARCIA,
F.M.C.C. MAJOR CORDOVA,
F.M.C.C. CAPT. RUSSLE,
F.M.C.C. SERGEANT STOLTZ,
F.M.C.C. R.N. ANDRE WILSON,
F.M.C.C. R.N. KAYLA LNU,
F.M.C.C. P.A. TARAH THEVENOT,
H.S.A. MARLER, and
LT. CROUCH, F.M.C.C.,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Richard T. Gurley, United States Magistrate Judge**

      This matter comes before the Court on the amended Prisoner Complaint (ECF

No. 11)[1] filed *pro se* by Plaintiff, Eric Langley, on March 27, 2025. The matter has been

referred to this Magistrate Judge for recommendation (ECF No. 19).

---

[1] "(ECF No. 11)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

1

The Court must construe the amended Prisoner Complaint liberally because Mr. Langley is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the amended Prisoner Complaint and the action be dismissed.

## I. DISCUSSION

### • Background

Mr. Langley is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). He initiated this action by filing a Prisoner Complaint (ECF No. 1) asserting one claim pursuant to 42 U.S.C. § 1983 that relates to medical treatment at the Four Mile Correctional Center ("FMCC"). Mr. Langley alleged generally that he has been denied adequate medical treatment for six months and he provided a chronological list of events since August 2, 2024, when he first was prescribed prednisone for a respiratory ailment.

On February 24, 2025, the Court ordered Mr. Langley to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In that order, the Court noted Mr. Langley did not allege specific facts that demonstrate each Defendant was deliberately indifferent to his serious medical needs, in part because several Defendants (Colorado Governor Jared Polis,

DOC Executive Director Stancil, FMCC Warden Persons, and H.S.A. Marler) were not

even mentioned in the chronological list of events, and in part because the factual

allegations in the chronological list of events are vague and conclusory. As noted

above, on March 27, 2025, Mr. Langley filed an amended Prisoner Complaint (ECF No.

11).

Mr. Langley asserts one claim in the amended Prisoner Complaint pursuant to 42

U.S.C. § 1983 contending Defendants have been deliberately indifferent to his serious

medical needs. He includes in the amended Prisoner Complaint the same chronological

list of events he provided in the original complaint. In summary, Mr. Langley alleges the

following in the chronological summary:

August 26, 2026: Tarah Thevenot told Mr. Langley she was stumped and
had no idea what to do;

September 23, 2024: Captain Russell told Mr. Langley "I was told to stand
down and leave it alone" after Mr. Langley declared four medical
emergencies between August 26 and September 23;

October 15, 2024: Major Cordova, Major Garcia, Tarah Thevenot, Kayla
"LNU," and Andre Wilson told Mr. Langley's family members that he is
"just crying wolf";

October 26, 2024: medical staff at the Territorial Medical Center
diagnosed Mr. Langley's condition as an allergic reaction to prednisone,
and he was again given prednisone when he was returned to the FMCC;

November 11, 2024: medical staff at the FMCC noted in the computer that
the allergic reaction was symptomatic of steroid overdose;

November 25, 2024: lab results indicated three infections for which
antifungal and antibiotic medications were prescribed;

November 28, 2024: "symptomatic reaction to antibiotic poisoning" was

3

noted and relayed to Major Garcia, Tarah Thevenot, Mr. Langley's family,
and DOC headquarters in Colorado Springs;

December 12, 2024: Tarah Thevenot instructed DOC security staff to
threaten Mr. Langley with a write-up if he asked questions at the FMCC
medication dispensary;

December 17, 2024: medical staff refused to address respiratory distress
and DOC security staff threatened physical violence because Mr. Langley
declared a medical emergency;

January 3, 2025: Mr. Langley declared a ninth medical emergency after
coughing up blood and medical staff stated there was "not enough blood
to worry about";

January 6, 2025: Captain Russell and Lt. Crouch interrupted a case
manager who was attempting to help Mr. Langley, directed Mr. Langley to
leave "Admin" immediately, and stated "You're only getting medical
attention if you pass out or die, so leave";

January 7, 2025: case manager Seymour informed Mr. Langley that
FMCC medical staff will no longer treat him;

January 13, 2025: Captain Russell stated on the yard that "I am ordered
by my superiors to not get involved";

January 17, 2025: Tarah Thevenot was informed to stop all antibiotics
immediately as it was probably going to kill the inmate;

February 7, 2025: Mr. Langley was taken on a day trip for non-dyed
catscan as appeasement treatment.

In addition to the allegations in the chronological list of events, the amended

complaint includes sections captioned "Facts" and "Legal Claim." Those sections, in

their entirety, are the following:

III. Facts

17. The State of Colorado, the Colorado Department of Corrections,
C.D.O.C. officers, and contracted healthcare workers have allowed the

Plaintiff to languish in deep suffering, while being pers[e]cuted and harassed. This is not an isolated incident, but rather an ongoing event. It is not a harmless misapplication of law, admin. regulation, or policy; it is by all definitions cruel and unusual punishment and deliberate indifference to medical needs. Listed is a c[h]ronological d[e]scription of events. See Attachment.

IV. Legal Claim

18. The deliberate indifference to medical needs violated Plaintiff Eric Langley's rights and constitu[t]ed cruel and unusual punishment under the 8th Amendment to the United States Constitution.

19. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably and irrevocably harmed by the conduct . . . of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

(ECF No. 11 at pp.8 & 13.)

As relief Mr. Langley seeks a declaration that his constitutional rights have been violated, injunctive relief directing Warden Persons to have Mr. Langley transported to an area hospital for treatment, injunctive relief directing all Defendants to cease and desist any retaliation or further harassment, and damages.

On April 2, 2025, the Court ordered Mr. Langley to file a second amended complaint. The Court determined that, like the original Prisoner Complaint, the amended Prisoner Complaint (ECF No. 11) does not comply with the pleading requirements of Rule 8 because Mr. Langley still fails to provide a short and plain statement of his Eighth Amendment claim that demonstrates he is entitled to relief. The Court again advised Mr. Langley that the chronological list of events does not mention several of the Defendants, and the factual allegations that are linked to named Defendants are vague

5

and conclusory and do not demonstrate those Defendants were deliberately indifferent to Mr. Langley's serious medical needs. The Court also noted that many of the allegations in the chronological list merely refer to "medical staff" or "security staff" and do not specify what any particular Defendant did or failed to do that allegedly violated Mr. Langley's constitutional rights. Finally, the sections captioned "Facts" and "Legal Claim" also do not provide a short and plain statement of the specific claims Mr. Langley is asserting in this action.

On May 9, 2025, and again on June 9, 2025, the Court entered Minute Orders (ECF Nos. 15, 17) granting Mr. Langley extensions of time to file a second amended complaint. The Court's June 9 Minute Order extended the deadline for filing a second amended complaint until July 7, 2025.

Mr. Langley has not filed an amended complaint within the time allowed. Therefore, the amended Prisoner Complaint (ECF No. 11) filed on March 27, 2025, is the operative pleading before the Court.

• **Rule 8**

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

As discussed in the order directing Mr. Langley to file a second amended complaint and summarized above, the amended Prisoner Complaint (ECF No. 11) does not provide a short and plain statement of Mr. Langley's claim that demonstrates he is entitled to relief.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d

7

955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.");

*Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory

allegations that his rights have been violated do not entitle a *pro se* pleader to a day in

court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th

Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need

accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory

allegations." *Hall*, 935 F.2d at 1110.

Because Mr. Langley fails to provide a short and plain statement of his claim

showing he is entitled to relief, the action should be dismissed for failure to comply with

the pleading requirements of Rule 8.

## II. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the amended Prisoner Complaint (ECF No. 11) and the

action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure for failure to comply with the pleading requirements of Rule 8.[2]

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

DATED July 24, 2025

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge